IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARY D. RESSLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:05-CV-453 |
| | § | |
| GENERAL AMERICAN LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court are Defendant General American Life Insurance Company's ("Defendant") "Defendant's Motion for Summary Judgment and Brief in Support" ("Motion") (docket entry #49), Plaintiff Mary D. Ressler's ("Plaintiff") "Plaintiff's Response to Defendant's Motion for Summary Judgment" ("Response") (docket entry # 52), "Defendant's Reply in Support of its Motion for Summary Judgment" ("Reply") (docket entry #53), and Plaintiff's "Sur-Reply to Defendant's Motion for Summary Judgment and Brief in Support" ("Sur-Reply") (docket entry #56). Having considered the motion, response and replies, the court is of the opinion that the motion should be granted.

### BACKGROUND

This case arises from a claim for death benefits under a life insurance policy issued by Defendant on the life of Plaintiff's husband, William Ressler ("Ressler"). The policy was originally issued for $60,000.00, but shortly before his death Ressler replaced his original policy with a policy that had a death benefit of $100,000.00 (the "Policy"). Motion, p. 2. The Policy contained a

contestability provision, which provided that

> [General American Life Insurance Company] cannot contest this policy after it has been in force during the lifetime of the insured for two years from its issue date. We cannot contest an increase in the face amount with regard to material misstatements made concerning such increase after it has been in force during the lifetime of the insured for two years from its effective date.

In other words, if the insured passed away within two years of the policy's issuance, Defendant could contest the policy and investigate whether the information it received from the insured was correct. According to Defendant, it is the standard practice for both the Defendant and other insurance companies to undertake a contestablity investigation to determine whether to contest a policy if the insured dies within the two-year period. Motion, p. 3. During such an investigation, insurance companies try to determine whether the insured made material misrepresentations in the insurance application. *Id.*

Ressler died on June 23, 2005. The Policy was issued on May 14, 2004, so Ressler's death fell within the two-year contestability period set forth in the Policy. Upon his death, Defendant requested that Plaintiff provide it with an executed claims form, a copy of the death certificate and a copy of the Policy. *Id.* Defendant also notified Plaintiff that it might conduct an investigation because Ressler died during the contestability period. Regina Solomon-Stowe ("Stowe") Dec., Exs. 4, 6. Defendant paid Plaintiff the $60,000.00 stemming from the original policy but opted to perform its customary investigation on the remaining $40,000.00. Defendant's decision to investigate the Policy's issuance was made because Ressler's death certificate stated that Ressler suffered a ruptured abdominal aortic aneurysm due to severe atherosilerotic cardiovascular disease. Stowe Dec., Ex. 5. The death certificate also stated Ressler had suffered from severe atherosilerotic cardiovascular disease for years. *Id.* This health issue was not listed on his initial application.

Defendant continued to request Ressler's medical history and a medical records authorization from Plaintiff, but she failed to comply. Therefore, Defendant did not pay the remaining $40,000.00 due under the Policy, stating that it could not determine whether the Policy was validly issued. The dispute between the parties continued into this litigation, where on August 22, 2006, the United States Magistrate Judge ordered Plaintiff to provide Defendant with the medical history information and medical records authorization it was seeking. Order (docket entry #35). Thereafter, Defendant was able to obtain the medical records it needed. After reviewing the records, Defendant determined that Ressler made no material misrepresentations in his application and paid the claim. Motion, p. 8. On November 10, 2006, Defendant issued a check in the amount of $42,283.88, which constituted the remaining $40,000.00 face value of the Policy plus applicable interest. Stowe Dec., ¶ 20.

Despite having received payment in full of the death benefit under the Policy, Plaintiff has maintained this cause of action, alleging that Defendant engaged in unfair settlement practices under Section 541.060(a) of the Texas Insurance Code and that Defendant breached its duty of good faith and fair dealing under Texas statutory and common law. Plaint. First Amended Compl. ("Amended Compl."), ¶¶ 10, 13. Although not found in her Amended Complaint, Plaintiff states in her Response and Sur-Reply that she is also alleging a breach of contract claim.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually insufficient claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact

is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *See id.* The party moving for summary judgment has the burden to show that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. *See id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

Summary judgment evidence is subject to the same rules that govern admissibility of evidence at trial. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 175-76 (5th Cir. 1990). In considering a motion for summary judgment, the court cannot make credibility determinations, weigh evidence, or draw inferences for the movant. *See Anderson*, 477 U.S. at 255. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. *See id.*

### DISCUSSION & ANALYSIS

Defendant argues that Plaintiff cannot establish a genuine issue of material fact as to any of her claims. The basis of Plaintiff's claims are twofold: (1) Defendant made misrepresentations as to material facts relating to coverage or provisions of the Policy, and (2) Defendant caused an unreasonable delay in paying Plaintiff's claim. Plaintiff also alleges in her Response and Sur-Reply that a breach of contract claim exists based upon Defendant's delay in payment and failure to pay

the death benefit in one lump sum. In its motion, Defendant contends that it had a right to investigate the Policy's validity because the contestability period had not passed and that it did not make any misrepresentations and therefore no genuine issue of material fact exists as to any of Plaintiff's claims. Plaintiff responds that such facts do exist and that Defendant's analysis is flawed because it has incorrectly interpreted the law.

      A.      <u>Statutory and common law claim: breach of duty of good faith and fair dealing</u>

The Texas Supreme Court defined the standard for determining whether a breach of the duty of good faith and fair dealing has occurred as follows: "an insurer will be liable if the insurer knew or should have known that it was reasonably clear that the claim was covered."[1] *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997). Thus, if the insurer denied or delayed payment of a claim once the insurer's liability had become reasonably clear, it will have breached its duty. *Vandeventer v. All Amer. Life & Casualty Co.*, 101 S.W.3d 703, 722 (Tex. App.–Fort Worth 2003, no pet.). "Evidence that only shows a bona fide coverage dispute does not demonstrate that there was no reasonable basis for denying a claim." *Id.* Further, under Texas law insurers have a duty to properly investigate claims. *Id.* If payment on a policy becomes due during the contestability period, the insurance company may undertake an investigation. *See, e.g., Banner Life Ins. Co. v. Pacheco*, 154 S.W.3d 822, 825 (Tex. App.–Houston [14th Dist.] 2005, no pet.) ("Because [the insured's] death was within the two-year period of contestability, [the insurer] investigated the cause and circumstances of his death."); *Koral Indus. v. Security -Connecticut Life Ins. Co.*, 802 S.W.2d 650, 650-51 (Tex. 1990) ("When [the insured] died within what the insurer claimed was the contestable

---

[1] Because this is a diversity case, Texas substantive law applies. *Cleere Drilling Co. v. Dominion Exploration & Prod., Inc.*, 351 F.3d 642, 646 (5th Cir. 2003).

period of the policy ... the reinsurer on the policy, was hired to investigate the claim."). If there is no genuine issue of material fact supporting a common law good faith and fair dealing claim, then the plaintiff's statutory causes of action under section 541.060 must also fail. *Citibank Tex., N.A. v. Progressive Casualty Ins. Co.*, 2006 WL 3751301, *8 (Dec. 21, 2006 N.D. Tex.) (citing *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) and *Emmert v. Progressive County Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App.–Tyler 1994, writ denied)).

Defendant's delay in payment was justified for two reasons: (1) because of the information on the death certificate; and (2) because Ressler's death occurred during the Policy's contestability period. Undertaking an investigation during the contestability period is not a breach of any duties, and further, it is a customary practice in the insurance field. *See Banner Life Ins. Co.*, 154 S.W.3d at 825; *Koral Indus.*, 802 S.W.2d at 650-51; Stowe Dec. ¶ 8. In the instant case there was an official document stating that Ressler's death was caused, in part, by a disease which was not disclosed by Ressler on his life insurance application. Further, the death certificate indicated that Ressler had suffered from the disease for years. Based upon that information, Defendant believed that Ressler might have made misrepresentations on his application and therefore undertook an investigation because this discovery of possible fraud would be within the two-year contestability period.

The payment was further delayed because Plaintiff failed to cooperate with Defendant. Plaintiff asserts that she had no obligation to provide Defendant with the information Defendant needed to complete its investigation and that Defendant either should make payment without further investigation or conduct its investigation without her assistance. First, the Plaintiff has pointed this court to no authority supporting her position that she did not have a duty to give Defendant the necessary information or to cooperate in its investigation. Additionally, the Texas Insurance Code

suggests the opposite of Plaintiff's contention. *See* Tex. Ins. Code. § 542.058 (Vernon's 2006) ("...if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055 ..."); *Id.* at § 542.055 ("Not later than the 15th day ... after the date an insurer receives notice of a claim, the insurer shall ... (2) commence any investigation of the claim; and (3) request from the claimant all items, statements, and forms" the insurer reasonably believes will be necessary). Second, Plaintiff has presented no evidence that Defendant knew of other avenues to obtain the information it needed. *See Minn. Life Ins. Co. v. Vasquez*, 192 S.W.3d 774, 779 n.26 (Tex. 2006).

Finally, a fairly recent Texas Supreme Court case, not involving an incontestability provision, but with similar factual issues supports this court's conclusion. *See Vasquez*, 192 S.W.3d at 774. The provision at issue in *Vasquez* was an accidental death provision, which covered death resulting from an accident "independently of all other causes." *Id.* at 776. The insured in *Vasquez* was hospitalized for health reasons, but while in the hospital fell, hit his head, and died. *Id.* All the insurance company knew about the cause of death was what appeared in the autopsy report and death certificate, which described an "accident" where the insured had fallen and hit his head, but listed his cause of death as a "seizure disorder with encephalopathy followed by blunt force trauma to the head." *Id.* at 777. The court concluded that the insurer could not determine from these documents whether the death was caused by a health condition or an accident. *Id.* at 777-78. The court found that coverage was not reasonably clear from the documents, and therefore there was no evidence that the insurer failed to pay the claim after coverage had become reasonably clear. *Id.* at 778. Further, the court concluded that the insurer's decision to delay payment pending receipt of medical records was not made with the intention of prolonging the payment of the claim. *Id.* at 779-780. Also

important to the court was the fact that the beneficiary had received $25,000.00 from another policy, and thus could pay her bills without hardship. *Id.* at 780 n. 27. Finally, the court held that there must be evidence that the insurer was actually aware that it was handling the claim in a false, deceptive or unfair manner in order to award extra-contractual damages to the beneficiary. *Id.* at 780.

In the instant case, the Defendant had a death certificate that indicated Ressler might have made material misrepresentations on his application. Because the Policy was issued less than two years before his death, Defendant was within its right to investigate the Policy's validity. From the death certificate, it was not clear whether a health condition listed on it was a recent development or one which Ressler knew of at the time of his application but failed to disclose. The court finds as a matter of law that coverage was not reasonably clear from the documents, and therefore, there is no evidence that the Defendant failed to pay the claim after coverage had become reasonably clear. Accordingly, the court finds summary judgment appropriate as to both Plaintiff's common law and statutory claims for breach of the duty of good faith and fair dealing. *See Citibank Tex., N.A.*, 2006 WL 3751301 at *8.

      B.     <u>Misrepresentations</u>

Plaintiff alleges misrepresentations constituting unfair settlement practices under Texas Insurance Code section 541.060(a) were made by Defendant. Such misrepresentations, according to Plaintiff, include misrepresenting material facts relating to payment under the Policy and misrepresenting the Policy's provisions relating to coverage. Amend. Compl. ¶¶ 10(a)-(b). Plaintiff specifically points the court to the following statements: (1) that "only $60,000.00 is payable that is not considered within the incontestability period;" (2) that Defendant was "making certain inquiries that are customary on recently issued policies that have an increased face amount;" and (3)

that the balance of the payment, after the initial $60,000.00 payment, "has to go through a contestability period." The Plaintiff argues that by these statements the Defendant was knowingly misrepresenting a fact relating to coverage - that the Defendant had a right to extend the time for payment beyond the payment provision. Response, ¶¶ 41-43. The Plaintiff gives no legal support for her argument, and the court is not persuaded by it.

These statements are not misrepresentations. The Defendant was updating the Plaintiff on the status of her claim. The Policy contained a constestability provision that allowed for an investigation, and the payment portion of the Policy stated that the money could be paid in one lump sum or be placed in an account that earned interest. Stowe Dec., Ex. 1. These statements were factual in nature and were simply informing the Plaintiff that her claim was being investigated, pursuant to the Policy and its guidelines, and that it would be approved or denied pending her cooperation. Therefore, the Plaintiff has failed to present a genuine issue of material fact on her remaining claims under the Texas Insurance Code and summary judgment is proper.

      C.      Breach of contract

Defendant has argued that a breach of contract claim was not alleged by the Plaintiff, while Plaintiff claims that it did allege such a cause of action. Specifically, Plaintiff points the court and Defendant to paragraphs eight and nine of her Amended Complaint. A plaintiff's complaint must provide adequate notice to the defendant as to what claims are being alleged. Fed. R. Civ. P. 8(a). While Federal Rule of Civil Procedure does not require an "inordinate amount of detail or precision," the plaintiff must allege facts upon which relief can be granted. *McManus v. Fleetwood Enters. Inc.*, 320 F.3d 545, 551 (5th Cir. 2003). The Plaintiff does not mention breach of contract anywhere in her Amended Complaint. She argues that because paragraphs eight and nine allege that

all conditions precedent to Defendant's liability have been met and Defendant refused to pay, a breach of contract claim is stated. Even assuming a breach of contract claim was pleaded, the court finds summary judgment on such a claim to be proper as Defendant has paid the Policy in full and the investigation causing the delay in payment was as a matter of law not a breach of the Policy. *See Vasquez*, 192 S.W.3d at 776 ("As the claim was paid shortly after suit was filed, no breach of contract claims remains.")

## CONCLUSION

For the reasons stated, the court concludes that no genuine issue of material fact as to the Plaintiff's claims exists and the Defendant is entitled to judgment as a matter of law in the instant case. Therefore, the court hereby **GRANTS** the "Defendant's Motion for Summary Judgment" (docket entry #49). All motions that remain pending are denied as moot.

**SIGNED this the 9th day of April, 2007.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE